IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE MARO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 18-cv-06802 |
| | ) | |
| COMMUTER ADVERTISING, INC., | ) | Judge John Z. Lee |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Michelle Maro filed this lawsuit in state court against her former employer, Commuter Advertising, Inc. ("Commuter Advertising"), after Commuter Advertising terminated her employment. Maro raises claims of pregnancy discrimination in violation of the Illinois Human Rights Act, 775 Ill. Comp. Stat. 5/1-101 *et seq.* (Count 1), retaliation (Count 2), and intentional infliction of emotional distress (Count 3). Commuter Advertising removed the action to federal court and then filed a motion to stay proceedings and compel arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq*. For the reasons provided, the Court grants Commuter Advertising's motion [8].

## Background

Maro began working for Commuter Advertising as President of Sales in January 2016. Compl. ¶ 1, ECF No. 1-1. Commuter Advertising is an Ohio corporation that creates and manages advertising campaigns in public-transit vehicles in Illinois and several other states. *Id.* ¶¶ 2, 8.

On October 26, 2015, Maro signed an employment agreement with Commuter Advertising, which included an arbitration clause:

> ARBITRATION. Any dispute arising in connection with this Agreement or any other dispute, whether or not employment-related, between Company, or any of its officers, directors, agents, employees, or any other person affiliated in any way with Company, and Employee, shall be resolved by arbitration conducted before a panel of three (3) arbitrators, exclusively in Dayton, Ohio, in accordance with the commercial rules of the American Arbitration Association then in effect. . . .

Def.'s Mot. Compel Arb., Ex. A, Employment Agreement ¶ 25, ECF No. 8.

In late 2016 and early 2017, several incidents occurred that, Maro alleges, led the company to engage in acts of retaliation and unlawful discrimination against her. First, Maro informed the company that the ads of one of its clients were not airing as often as they should be, a criticism to which the company did not respond. Compl. ¶¶ 11–16. Maro also reported to Commuter Advertising's CEO, Russell Gottesman, that another employee had complained about long hours and other job-related stress. *Id.* ¶ 17.

Furthermore, on January 3, 2017, Gottesman denied Maro's request for Commuter Advertising to pay for her flight from Chicago to Columbus, Ohio. *Id.* ¶¶ 18–23. On January 11, Maro informed Gottesman that she was pregnant and that her pregnancy had been deemed high-risk, to which Gottesman replied, "are you sure you really want to [have a baby], Michelle?" *Id.* ¶¶ 25–26, 32. On January 27, Gottesman gave Maro a document criticizing her work performance. *Id.* ¶ 44.

2

Gottesman fired Maro on February 6, 2017. *Id.* ¶ 47. Accordingly, on August 31, 2018, Maro filed suit against Commuter Advertising in the Circuit Court of Cook County, Illinois, alleging that Commuter Advertising terminated her employment in retaliation for questioning company practices and reporting her coworker's complaint, and discriminated against her based on her high-risk pregnancy. Maro also alleges that Gottesman's conduct constituted intentional infliction of emotional distress.

On October 10, 2018, Commuter Advertising removed the complaint to this Court pursuant to 28 U.S.C. § 1441. On October 16, Commuter Advertising moved to stay the proceedings and compel arbitration, contending that Maro's claims fall within the scope of the arbitration agreement in her employment contract. Def.'s Mot. Compel Arb., ECF No. 8.

## **Legal Standard**

The Federal Arbitration Act ("FAA") mandates that courts enforce valid, written arbitration agreements. *Tinder v. Pinkerton Sec.*, 305 F.3d 728, 733 (7th Cir. 2002) (citing 9 U.S.C. § 2). This mandate reflects a federal policy that places arbitration agreements on equal footing with all other contracts. *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006).

Once a court is satisfied that an agreement to arbitrate exists and that the claim at issue is arbitrable under the agreement, the FAA instructs the court to stay proceedings on issues subject to arbitration and provides a mechanism for parties to

3

request that the court compel arbitration pursuant to the agreement. 9 U.S.C. §§ 3–4; *see also Tinder*, 305 F.3d at 733.

## Analysis

Commuter Advertising argues that Maro must pursue her claims through arbitration because a valid arbitration agreement exists, Maro's claims fall within the scope of that agreement, and Commuter Advertising did not waive its right to arbitrate. Maro does not dispute the existence or validity of the arbitration agreement.[1]

As an initial matter, Maro does argue (however briefly) that her claims fall outside the scope of the arbitration agreement because it covers only claims for breach of contract, which are not alleged in this case. But the language of the arbitration provision does not support this theory. To determine the parties' intent regarding the scope of the agreement, Illinois law requires the Court to focus on the "objective manifestations of the parties, including the language they used in the contract." *Gore v. Alltel Comm'cns, LLC*, 666 F.3d 1027, 1033 (7th Cir. 2012) (quoting *Carey v. Richards Bldg. Supply Co.*, 856 N.E.2d 24, 27 (Ill. App. Ct. 2006)). Here, the arbitration provision in the Employment Agreement applies to "any dispute arising in connection with this Agreement or any other dispute." Employment Agreement ¶ 25. This language is plainly meant to encompass claims beyond breach of the

---

[1] The validity and scope of an arbitration agreement are questions of state contract law. *James v. McDonald's Corp.*, 417 F.3d 672, 677 (7th Cir. 2005). Defendant stipulates that the parties' agreement is governed by Illinois law, although the Agreement specifies that Ohio state law governs. Employment Agreement ¶ 23. Because both parties have cited Illinois law in support of their positions, the Court assumes there would be no material difference and applies Illinois law.

4

employment contract itself. As the Seventh Circuit explained in *Gore*, the language "arising out of" reaches "all disputes having their origins or genesis in the contract, whether or not they implicate interpretation or performance of the contract per se." 666 F.3d at 1033 (quoting *Sweet Dreams Unlimited Inc., v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993)). The phrase "arising in connection with" is at least as broad as the phrase "arising out of." Thus, the Court finds that Maro's claims fall within the scope of the agreement.

Maro's primary argument, however, is that Commuter Advertising has waived its right to arbitrate by not asserting its arbitration rights in a timely fashion. Waiver of the right to arbitrate can be express or implied. *St. Mary's Med. Ctr. of Evansville, Inc. v. Disco Aluminum Prods. Co.*, 969 F.2d 585, 587 (7th Cir. 1992). Here, Commuter Advertising has not expressly waived its right to arbitrate, so the question before the Court is whether Commuter Advertising's conduct created an implied waiver.

A party waives the right to arbitrate when, considering the circumstances, it acts in a manner that is inconsistent with the right to arbitrate. *Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 994 (7th Cir. 2011); *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 562 (7th Cir. 2008). The Seventh Circuit has held that, when a party elects to proceed in a judicial forum, it presumptively waives the right to compel arbitration. *Cabinetree of Wis., Inc. v. Kraftmaid Cabinetry, Inc.,* 50 F.3d 388, 390 (7th Cir. 1995); *see also Grumhaus v. Comerica Sec., Inc.,* 223 F.3d 648, 651 (7th Cir. 2000) ("[K]nowing selection of one

5

forum over another and willing participation in the ensuing litigation [is] plainly inconsistent with a desire to arbitrate."). Ultimately, in determining whether waiver applies—presumptively or not—courts look at whether the party seeking arbitration acted diligently in doing so. *Halim*, 516 F.3d at 562.

Maro argues that, by first removing the complaint to this Court before moving to compel arbitration, Commuter Advertising elected to proceed with litigation and thereby presumptively waived the right to arbitrate.[2] Maro relies on *Cabinetree*, in which the Seventh Circuit concluded that by removing the case to federal court and participating in discovery, the defendant "manifested an intention to resolve the dispute through the processes of the federal court." 50 F.3d at 390.

As Commuter Advertising points out, however, removal is just one factor in determining whether a party has acted inconsistently with the desire to arbitrate. Also relevant is whether the defendant has filed additional pleadings, participated in discovery, or otherwise used time and court resources. *See Halim*, 516 F.3d at 562 (holding that the defendant did not waive the right to arbitrate merely by removing and moving to dismiss based on the arbitration agreement); *see also Cooper v. Asset Acceptance, LLC*, 532 F. App'x 639, 641–42 (7th Cir. 2013) (holding that the defendant did not waive the right to arbitrate by moving to compel arbitration immediately after the court denied its motion to dismiss but more than a year before trial); *Sharif v.*

---

[2] Maro also argues that Commuter Advertising "specifically conceded that this Court has diversity jurisdiction over Maro's claims," thereby waiving arbitration. Pl.'s Resp. Mot. Compel Arb. at 1, ECF No. 13. But this argument misses the point; subject-matter jurisdiction is not in dispute. Defendant does not argue that this Court lacks jurisdiction, but rather that the parties' arbitration agreement requires the court to stay the proceedings and compel arbitration.

6

*Wellness Int'l Network, Ltd.*, 376 F.3d 720, 726–27 (7th Cir. 2004) (holding that the defendant did not waive the right to arbitrate when it did not remove the case to federal court or participate in discovery).

Here, unlike in *Cabinetree* where the defendant participated in discovery for nine months before seeking to compel arbitration, 50 F.3d at 389–91, Commuter Advertising waited less than a week to file its motion to compel arbitration after removal, and no other pleadings were filed during that time. In this way, the facts of this case are more analogous to *Halim*, where the defendant sought arbitration immediately after removing the case. 516 F.3d at 562.

Additionally, Commuter Advertising did not unduly delay seeking arbitration. In *Cabinetree*, the defendant provided no explanation for its nine-month delay other than wanting to "weigh its options," and appeared to have delayed filing its motion for strategic purposes. *Id.* at 391. Here, Commuter Advertising explains that it needed the time to determine whether the claims were arbitrable.

In retort, Maro asks the Court to reject this explanation given the simplicity of the arbitration issue. But uncertainty about arbitrability can overcome concerns about delay. *See Iowa Grain Co. v. Brown*, 171 F.3d 504, 509 (7th Cir. 1999). And unlike in *Cabinetree*, the delay in this case was short.

Finally, Maro contends that Commuter Advertising waived arbitration by failing to raise it in the state court or in the proceedings before the Illinois Department of Human Rights. But employers are not required to raise the issue of arbitration before employment-discrimination agencies, which have statutory

7

authority to investigate employment claims without the acquiescence of the employer. *See Gagliano v. Cytrade Fin., LLC*, No. 09-4185, 2009 WL 3366975, at *4–5 (N.D. Ill. Oct. 16, 2009) (collecting cases). And as for the state-court proceedings, Maro has not pointed to any event of significance in the state court that would compel a finding of waiver. Accordingly, the Court concludes that Commuter Advertising has "asserted its intent to resolve the dispute in arbitration and not litigation," and has not waived its right to arbitrate. *Halim*, 516 F.3d at 562.

## Conclusion

Defendant Commuter Advertising's motion to stay proceedings and compel arbitration is granted [8]. This action shall be stayed and administratively terminated while arbitration proceedings are pending. The parties are ordered to file a joint status report within 14 days after the conclusion of the arbitration proceedings.

**IT IS SO ORDERED.**  ENTERED: 7/1/19

_____
**John Z. Lee**
**United States District Judge**